MILBERG & DE PHILLIPS

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

2163 NEWCASTLE AVENUE

SUITE 200

CARDIFF BY THE SEA, CALIFORNIA

92007-1824

FREDERIC J. MILBERG
RUSSELL M. DE PHILLIPS
ROY L. CARLSON, JR.
TIM G. McNULTY *

(760) 943-7103
(619) 232-7103
FAX (760) 943-6750
www.m-dlaw.com

* ALSO ADMITTED IN ARIZONA

May 13, 2014

**Via ECF (and by Personal Delivery to Judge Wexler's Chambers on May 14, 2014)**
The Honorable Judge Leonard D. Wexler
United States District Court, Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

Re:   ***Blauschild v. Tudor***
        Civil Case No. 2:13-CV-06389-LDW-GRB

Dear Judge Wexler:

Enclosed is the fully briefed Motion to Dismiss Complaint filed by Defendant Joel Tudor in the above-referenced matter.

1.   Defendant Joel Tudor's Notice of Motion and Motion to Dismiss Complaint and Mr. De Phillips' letter dated April 8, 2014 to Mr. Gershburg;

2.   Memorandum of Law in Support of Defendant Joel Tudor's Motion to Dismiss Complaint;

3.   Request for Judicial Notice in Support of Defendant Joel Tudor's Motion to Dismiss Complaint;

4.   Memorandum of Law in Opposition to Defendant Joel Tudor's Motion to Dismiss Complaint and Mr. Gershburg's letter dated April 30, 2014 to Mr. De Phillips; and

5.   Memorandum of Law in Support of Defendant Joel Tudor's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint and Mr. De Phillips' letter dated May 12, 2014 to Mr. Gershburg.

Respectfully submitted,

MILBERG & DE PHILLIPS, P.C.

By:___/s/ Russell M. De Phillips_____
        Russell M. De Phillips (Admitted Pro Hac Vice)
        2163 Newcastle Avenue
        Cardiff by the Sea, CA 92007

cc:   Magistrate Judge Gary R. Brown
        Daniel Gershburg, Esq. via email to Daniel@DanielGershburg.com
        Terrence P. Buckley, Esq. Via email to terrencepbuckley@aol.com

1

**ATTACHMENT 1**

### MILBERG & DE PHILLIPS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2163 NEWCASTLE AVENUE
SUITE 200
CARDIFF BY THE SEA, CALIFORNIA
92007-1824

FREDERIC J. MILBERG
RUSSELL M. DE PHILLIPS
ROY L. CARLSON, JR.
TIM G. McNULTY *

(760) 943-7103
(619) 232-7103
FAX (760) 943-6750
www.m-dlaw.com

* ALSO ADMITTED IN ARIZONA

April 8, 2014

**Via U.S. Overnight Mail & electronic mail to daniel@danielgershburg.com**
Daniel Gershburg, Esq.
55 Broad Street, Suite 18B
New York, NY 10004

Re:   Blauschild v. Tudor
      Civil Action No.CV13-6389
      United States District Court Eastern District of New York

Dear Mr. Gershburg:

Enclosed please find the following documents, previously served upon you on February 14, 2014:

1.   Defendant Joel Tudor's Notice of Motion and Motion to Dismiss Complaint;

2.   Memorandum of Law in Support of Defendant Joel Tudor's Motion to Dismiss Complaint; and

3.   Request for Judicial Notice in Support of Defendant Joel Tudor's Motion to Dismiss Complaint.

Thank you.

Very truly yours,

MILBERG & DE PHILLIPS, P.C.

By: _____
     Russell M. De Phillips

RMD/mc
Enclosures
cc: Client
    Terrence P. Buckley, Esq.

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------
x
ANDREW BLAUSCHILD, derivatively on
behalf of KOOKBOX SURFBOARDS, INC.

CIVIL CASE NO. 2:13-CV-06389-LDW-
GRB

                 Plaintiffs,

   - against -

JOEL TUDOR,

               Defendant.
-------------------------------------------------------
x

## DEFENDANT JOEL TUDOR'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Terrence P. Buckley, Esq.  (terrencepbuckley@aol.com)
356 Veterans Memorial Highway, Suite 3
Commack, NY 11725
Telephone:  (631) 543-3030
Facsimile:  (631) 543-2888

Attorneys for Defendant
JOEL TUDOR

Russell M. De Phillips; (rdephillips@surflaw.net)
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff by the Sea, CA 92007-1824
Telephone: (760) 943-7103
Facsimile:(760) 943-6750

Attorneys Pro Hac Vice for Defendant,

- 1 -

4

JOEL TUDOR

TO:   DANIEL GERSHBURG, ESQ.
        55 Broad Street, Suite 18B
        New York, NY 10004
        Daniel@DanielGershburg.com

    PLEASE TAKE NOTICE that upon the motion of Defendant JOEL TUDOR ("Defendant"), Defendant will and hereby does move this Court, The Honorable Leonard D. Wexler, U.S.D.J., in Courtroom 940, United States Courthouse, Central Islip, New York 11722, at a date and time set by the Court, for an order pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure granting Defendant's motion to dismiss the above-captioned complaint.

    Defendant JOEL TUDOR moves the Court under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for a dismissal of all claims that the Plaintiff has asserted against Defendant in the Complaint in this action. As grounds in support of this motion, Defendant adopts the authorities and matters contained in the accompanying memorandum of law in support and submits that the Complaint must be dismissed due to improper venue and that all counts asserted against Defendant in the Complaint fail to state a claim upon which relief can be granted because Plaintiff lacks standing to assert the claims.

                     Respectfully submitted,

                     MILBERG & DE PHILLIPS, P.C.

Dated: April 8, 2014        By:   /s/ Russell M. De Phillips
                           Russell M. De Phillips (admitted pro hac vice)
                           MILBERG & DE PHILLIPS, P.C.
                           2163 Newcastle Avenue, Suite 200
                           Cardiff by the Sea, CA 92007
                           Email: rdephillips@surflaw.net
                           Telephone: (760) 943-7103

- 2 -

CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2014, the foregoing document, Defendant Joel Tudor's Notice of Motion and Motion to Dismiss Complaint, was served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants by overnight mail and by electronic mail as follows:

Daniel Gershburg, Esq.                    Attorney for Plaintiff
55 Broad Street, Suite 18B                ANDREW BLAUSCHILD, derivatively on
New York, NY 10004                        behalf of KOOKBOX SURFBOARDS, INC.

Email: Daniel@DanielGershburg.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 8, 2014            ___/s/ Russell M. De Phillips___
                                 Russell M. De Phillips, Esq.
                                 MILBERG & DE PHILLIPS, P.C.
                                 2163 Newcastle Avenue, Suite 200
                                 Cardiff by the Sea, CA 92007

- 3 -

6

# ATTACHMENT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------
x

ANDREW BLAUSCHILD, derivatively on
behalf of KOOKBOX SURFBOARDS, INC.

CIVIL CASE NO. 2:13-CV-06389-LDW-
GRB

Plaintiffs,

- against -

JOEL TUDOR,

Defendant.

--------------------------------------------------------
x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOEL TUDOR'S MOTION TO DISMISS COMPLAINT

Terrence P. Buckley, Esq. (terrencepbuckley@aol.com)
356 Veterans Memorial Highway, Suite 3
Commack, NY 11725
Telephone: (631) 543-3030
Facsimile: (631) 543-2888

Attorneys for Defendant
JOEL TUDOR

Russell M. De Phillips; (rdephillips@surflaw.net)
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff by the Sea, CA 92007-1824
Telephone: (760) 943-7103
Facsimile:(760) 943-6750

Attorneys Pro Hac Vice for Defendant
JOEL TUDOR

8

## TABLE OF CONTENTS

PAGE

INTRODUCTION .......................................................... 1

FACTUAL BACKGROUND .................................................. 2

ARGUMENT .............................................................. 3

I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF VENUE ..... 3

  A. Venue Is Improper Under Section 1391(b)(1) ...................... 4

  B. Venue Is Improper Under Section 1391(b)(2) ...................... 4

II. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO
  RULE 12(b)(6)12 .................................................. 6

CONCLUSION ............................................................ 9

**TABLE OF AUTHORITIES**

**PAGE**

**Federal Cases**

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Blanchard 1986, Ltd. v. Park Plantation, LLC,  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,6
553 F.3d 405, 409 (5th Cir. 2008))

Chambers v. Time Warner, Inc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
282 F.3d 147, 153 (2d Cir. 2002)

Daniel v. Am. Bd. Of Emergency Med.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
428 F.3d 408, 432 (2d Cir. 2005)

Gulf Ins. Co. v. Glasbrenner  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
417 F.3d 353, 356 (2d Cir. 2005)

Harold H. Huggins Realty, Inc. v. FNC, Inc.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
634 F.3d 787, 795 n.2 (5th Cir. 2011)

Jenkins Brick Co. v. Bremer  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
321 F.3d 1366, 1372 (11th Cir. 2003)

Kaempe v. Myers  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
367 F.3d 958, 965 (D.C. Cir. 2004)

Osediacz v. City of Cranston  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
414 F.3d 136, 139 (1st Cir. 2005)(quoting Allen v. Wright, 468 U.S. 737, 750 (1984))

Pagán v. Calderón, 448 F.3d 16, 27 (1st Cir. 2006)  . . . . . . . . . . . . . . . . . . . . . . . . . 6

Thompson v. Cnty. of Franklin  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
15 F.3d 245, 247 (2nd Cir. 1994)

United States v. AVX Corp.,  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
962 F.2d 108, 114 (1st Cir. 1992) (citing Warth, 422 U.S. at 501)

VE Holding Corp. V. Johnson Gas Appliance Co.  . . . . . . . . . . . . . . . . . . . . . . . . . . 3
917 F.2d 1574, 1576 (Fed.Cir. 1990) cert. Denied, 499 U.S. 922, 113 L. Ed. 2d 248,
111 S. Ct. 1315 (1991)

-ii-

**PAGE**

Warth v. Seldin, ................................................................ 6
422 U.S. 490, 499, 500 (U.S. 1975)

## Federal Statutes

28 U.S.C. §1391(b)  ............................................................. 4

28 U.S.C. §1391(b)(1)  .......................................................... 3,4

28 U.S.C. §1391(b)(2)  .......................................................... 4

28 U.S.C. §1391(b)(3)  ........................................................... 6

Fed. R. Civ. P. 12(b)(3)  ....................................................... 1, 3, 6

Fed. R. Civ. P. 12(b)(6)  ....................................................... 1, 6,7

## State Cases

Marx v Akers, 88 NY2d 189, 194. (N.Y. 1996)  .................................... 7

Marx v. Akers, 88 N.Y.2d at 194  ................................................ 8

Marx v. Akers, 88 N.Y.2d at 198  ................................................ 8

Marx v. Akers, 88 N.Y.2d at 200-201 ............................................. 9

## State Statutes

New York Business Corporation Law § 626  ........................................ 7, 8

New York Business Corporation Law § 626 (c) ..................................... 8

New York Business Corporation Law § 701 ......................................... 8

New York Business Corporation Law § 702(a) ...................................... 8

-iii-

Defendant JOEL TUDOR ("Tudor") respectfully submits this memorandum of law in support of his motion to dismiss the complaint of Plaintiff ANDREW BLAUSCHILD ("Blauschild") pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted because Blauschild lacks standing to assert the claims alleged against Tudor.

## INTRODUCTION

The Complaint, a derivative action on behalf of KOOKBOX SURFBOARDS, INC. ("Kookbox"), seeks to cancel a trademark registration lawfully obtained by Tudor and to hold Tudor liable for a laundry list of claims in this business dispute. As discussed below, the Complaint has procedural and substantive flaws that require dismissal under Rule 12(b).

As a procedural matter, the Complaint should be dismissed for lack of venue. The relevant events giving rise to the allegations of Tudor's purported misconduct took place in California, where Tudor resides and where the warehouse is. Indeed, according to the Complaint, the only connection between the facts of this case and this District is that the plaintiff, Blauschild, and Kookbox, are located here. As a matter of law, that connection alone is insufficient to establish venue in this District and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). Virtually all material witnesses are in California and California is where most, if not all, of the alleged acts took place.

As a substantive matter, the Complaint should be dismissed as it fails to state a cause of action upon which relief may be granted. Blauschild lacks standing to assert the complaint because he failed to make a demand on the Kookbox Board of Directors prior to filing the complaint and he has failed to allege facts showing such a demand would have been futile under New York law.

- 1 -

Moreover, Blauschild is the sole shareholder of Kookbox and the alleged claims belong to the corporation.

## FACTUAL BACKGROUND

The facts below derive from the Complaint, documents referenced in the Complaint, and matters of public record of which this Court may take judicial notice.  See <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) (holding that it is proper to consider documents incorporated into the complaint by reference, or documents "where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint") (quotation omitted); <u>Kaempe v. Myers</u>, 367 F.3d 958, 965 (D.C. Cir. 2004).

On or about April 10, 2008, Tudor, a California resident, filed a trademark application with the United States Patent and Trademark Office to register the mark "Kookbox Surfboards" (the "Mark").  The owner and registrant is listed as Tudor, using his counsel's address in California.  The Mark was registered on November 2, 2010.  (See Request for Judicial Notice.)

Kookbox was formed in New York on September 2, 2008, almost five months after the trademark application was filed.  (See Request for Judicial Notice.)  Blauschild is the President, Chief Executive Officer and a shareholder of Kookbox.  (Complaint at ¶¶ 8, 9.)

The Complaint alleges that in "the spring of 2013, Tudor approached a Company manager in San Diego." (Complaint at ¶ 54.)  The Complaint also alleges that the "Company warehouse" is in San Diego and that Tudor had allegedly gone there and threatened the "Manager over money." (Complaint at ¶ 55.)  The Complaint also alleges that Tudor made a telephone call apparently from San Diego.  (Complaint at ¶ 56.)

The Complaint also alleges that Tudor removed surfboards from the warehouse in San Diego.

- 2 -

(Complaint at ¶ 60.)

The Complaint's claim for breach of fiduciary duty is based on obtaining the trademark, making statements regarding Kookbox and allegedly taking inventory from the San Diego warehouse. (Complaint at ¶ 75.)

The Complaint concludes that Tudor is a 50% shareholder of Kookbox but there are no facts alleging that shares in Kookbox were issued and delivered to Tudor. (Complaint at ¶ 11.) The Complaint concedes the acts complained of took place outside of New York. (Complaint at ¶ 19.)

## ARGUMENT

### I.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF VENUE.

A motion to dismiss may be brought for improper venue. (Rule 12(b)(3) of the Federal Rules of Civil Procedure.)

28 U.S.C. § 1391(b) provides in pertinent part:

A civil action may be brought in–

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

Venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1576 (Fed. Cir. 1990), cert. denied, 499 U.S. 922, 113 L. Ed. 2d 248, 111 S. Ct. 1315 (1991).

The Complaint asserts in conclusory terms that venue is proper pursuant to 28 U.S.C. §

- 3 -

14

1391(b) because Kookbox resides in the judicial district and "a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district." (Complaint at ¶ 24.) In the instant action, subsection 1 is not available to assert venue in the Eastern District of New York because no defendant resides in New York. Subsection 3 is not available to assert venue because there is at least one other district--the Southern District of California--in which the action can be brought (pursuant to subsection 1) because all defendants reside there. Since Tudor does not reside in New York, and because the relevant events underlying the causes of action took place outside the District, venue is improper under either provision.

## A.   Venue Is Improper Under Section 1391(b)(1).

Venue under section 1391(b)(1) is only available in "a judicial district where any defendant resides, if all defendants reside in the same State." Here, it is clear from the face of the complaint that Tudor resides in California, not New York. (Complaint at ¶ 11.) Thus, venue under section 1391(b)(1) is inappropriate in this District. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005).

## B.   Venue Is Improper Under Section 1391(b)(2).

Equally unavailing is Blauschild's contention that venue is proper pursuant to section 1391(b)(2), (Complaint at ¶ 24), which provides, in relevant part, that venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The Second Circuit has held that courts must "take seriously the adjective 'substantial,'" and "construe the venue statute strictly." Gulf Ins., 417 F.3d at 357. In analyzing venue under this section, the Second Circuit demands a two-part inquiry: "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise

- 4 -

to those claims. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to those claims have occurred in the district in question." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005) (quotations and alterations omitted). Applying this standard, venue is inappropriate here.

The Complaint asserts claims for fraudulent procurement of a mark (¶ 83) (Count I); common law trademark infringement based on fraudulent registration (¶ 89) (Count II); promissory estoppel based on procurement of the Mark (¶ 93) (Count III); unjust enrichment based on the alleged theft of inventory from the San Diego warehouse (¶ 99) (Count IV); conversion of inventory from the San Diego warehouse (¶ 104) (Count V); slander based on statements made in San Diego (¶ 108) (Count VI); breach of fiduciary duty based on procuring the Mark, the alleged false statements and taking the inventory (¶ 115) (Count VII); and declaratory judgment regarding the Mark (¶ 124) (Count VIII).

When material acts within the forum bear a close nexus to the claims, they are properly deemed "significant" and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue. See Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003) (explaining that substantiality requirement of § 1391(b)(2) requires consideration only of acts or omissions that "have a close nexus to the wrong"). Daniel v. Am. Bd. of Emergency Med., 428 F.3d at 433.

None of the acts took place in New York. Paragraph 19 of the Complaint concedes that. The trademark application was filed even before Kookbox was formed, and was accomplished from California. The inventory was in a warehouse in California. And while there is no given venue with

- 5 -

respect to where the alleged statements were made, the implication is that they were made in California.  (See Complaint at ¶ 19.)

Venue is not proper in this District and the Complaint should be dismissed pursuant to Rule 12(b)(3).

## II.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).

Even if venue were proper in this Court, the action should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

One of the fundamental aspects of standing is "the general prohibition on a litigant's raising another person's legal rights." Osediacz v. City of Cranston, 414 F.3d 136, 139 (1st Cir. 2005)(quoting Allen v. Wright, 468 U.S. 737, 750 (1984)).  Even when a plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, the Supreme Court has held that the plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties.  Warth v. Seldin, 422 U.S. 490, 499, 500 (U.S. 1975) ("standing in no way depends on the merits of plaintiff's contention that particular conduct is illegal."); Pagán v. Calderón, 448 F.3d 16, 27 (1st Cir. 2006).

A standing argument is more properly treated as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6).") (citing Blanchard 1986, Ltd. v. Park Plantation, LLC, 553 F.3d 405, 409 (5th Cir. 2008)); Thompson v. Cnty. of Franklin, 15 F.3d 245, 247 (2nd Cir. 1994)(dismissals for lack of standing may be made pursuant to Fed. R.

- 6 -

Civ. P. 12(b)(6) rather than 12(b)(1)).

For purposes of ruling on a motion for lack of standing, courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. United States v. AVX Corp., 962 F.2d 108, 114 (1st Cir. 1992) (citing Warth, 422 U.S. at 501). In practical effect, the standard is much the same as that traditionally applied to motions to dismiss made under Fed. R. Civ. P. 12(b)(6). Id., 962 F.2d at 114.

Satisfaction of the Rule 12(b)(6) standard requires a plaintiff to provide the grounds of his entitlement to relief, and this demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. Factual allegations must be enough to raise a right to relief above the speculative level. Id. "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 555 n.3.

Courts in New York have historically been reluctant to permit shareholder derivative suits, since power of courts to direct management of corporation's affairs should be exercised with restraint. Marx v Akers, 88 NY2d 189, 194. (N.Y. 1996).

New York Business Corporation Law § 626 provides in pertinent part:

(a) An action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor, by a holder of shares or of voting trust certificates of the corporation or of a beneficial interest in such shares or certificates.

(b) In any such action, it shall be made to appear that the plaintiff is such a holder at the time of bringing the action and that he was such a holder at the time of the transaction of which he complains, or that his shares or his interest therein devolved upon him by operation of law.

(c) In any such action, the complaint shall set forth with particularity the efforts of

- 7 -

the plaintiff to secure the initiation of such action <u>by the board</u> or the reasons for not making such effort.  New York Business Corporation § 626.  (Emphasis added.)

New York Business Corporation Law § 701 provides in pertinent part: "the business of a corporation shall be managed under the direction of its board of directors, each of whom shall be at least eighteen years of age."  Section 702(a) provides in part: "The board of directors shall consist of one or more members. The number of directors constituting the board may be fixed by the by-laws, or by action of the shareholders or of the board under the specific provisions of a by-law adopted by the shareholders. If not otherwise fixed under this paragraph, the number shall be one."

New York Business Corporation Law § 626 (c) clearly provides that in any shareholders' derivative action, "the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort."  As the court in <u>Marx</u> noted:

> The purposes of the demand requirement are to (1) relieve courts from deciding matters of internal corporate governance by providing corporate directors with opportunities to correct alleged abuses, (2) provide corporate boards with reasonable protection from harassment by litigation on matters clearly within the discretion of directors, and (3) discourage "strike suits" commenced by shareholders for personal gain rather than for the benefit of the corporation (cite omitted). "[T]he demand is generally designed to weed out unnecessary or illegitimate shareholder derivative suits" (cite omitted).  <u>Marx v. Akers</u>, 88 N.Y.2d at 194.

However, the demand requirement may be excused when it is futile.  <u>Marx v. Akers</u>, 88 N.Y.2d at 198.

The court in <u>Marx</u> went on to explain when a demand is considered futile:

> (1) Demand is excused because of futility when a complaint alleges with particularity that a majority of the board of directors is interested in the challenged transaction. Director interest may either be self-interest in the transaction at issue [cite omitted] (receipt of "personal benefits"), or a loss of independence because a director with no direct interest in a transaction is "controlled" by a self-interested director. (2) Demand is excused because of futility when a complaint alleges with particularity

- 8 -

that the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances [cite omitted]. The "long-standing rule" is that a director "does not exempt himself from liability by failing to do more than passively rubber-stamp the decisions of the active managers" [cite omitted]. (3) Demand is excused because of futility when a complaint alleges with particularity that the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors. Marx v. Akers, 88 N.Y.2d at 200-201.

Here, the Complaint is completely silent with respect to any demand made on the Board of Directors of Kookbox, or why such a demand on the Board would be futile. There are no allegations, with particularity, as to why a majority of the Board of Kookbox is interested in the challenged transaction, or any other reason why a demand on the Board would be futile.

## CONCLUSION

For the foregoing reasons, Defendant Tudor respectfully requests that the Court grant his motion to dismiss.

Respectfully submitted,

MILBERG & DE PHILLIPS, P.C.

Dated: April 8, 2014          By:   /s/ Russell M. De Phillips
                                    Russell M. De Phillips (admitted pro hac vice)
                                    MILBERG & DE PHILLIPS, P.C.
                                    2163 Newcastle Avenue, Suite 200
                                    Cardiff by the Sea, CA 92007
                                    Email: rdephillips@surflaw.net
                                    Telephone: (760) 943-7103

- 9 -

CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2014, the foregoing document, Memorandum of Law in Support of Defendant Joel Tudor's Motion to Dismiss Complaint, was served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants by overnight mail and by electronic mail as follows:

Daniel Gershburg, Esq.                    Attorney for Plaintiff
55 Broad Street, Suite 18B                ANDREW BLAUSCHILD, derivatively on
New York, NY 10004                        behalf of KOOKBOX SURFBOARDS, INC.

Email: Daniel@DanielGershburg.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 8, 2014                      __/s/ Russell M. De Phillips_____
                                          Russell M. De Phillips, Esq.
                                          MILBERG & DE PHILLIPS, P.C.
                                          2163 Newcastle Avenue, Suite 200
                                          Cardiff by the Sea, CA 92007

- 10 -

**ATTACHMENT 3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------
x
ANDREW BLAUSCHILD, derivatively on
behalf of KOOKBOX SURFBOARDS, INC.

CIVIL CASE NO. 2:13-CV-06389-LDW-GRB

                Plaintiffs,

    - against -

JOEL TUDOR,

                Defendant.
-----------------------------------------------------------
x

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT JOEL TUDOR'S MOTION TO DISMISS COMPLAINT

Terrence P. Buckley, Esq. (terrencepbuckley@aol.com)
356 Veterans Memorial Highway, Suite 3
Commack, NY 11725
Telephone: (631) 543-3030
Facsimile: (631) 543-2888

Attorneys for Defendant
JOEL TUDOR

Russell M. De Phillips; (rdephillips@surflaw.net)
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff by the Sea, CA 92007-1824
Telephone: (760) 943-7103
Facsimile:(760) 943-6750

Attorneys Pro Hac Vice for Defendant
JOEL TUDOR

- 1 -

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant   JOEL TUDOR respectfully requests that the Court take judicial notice of the following documents, which are attached hereto as exhibits for the Court's convenience:

A.   A true and correct copy of the search results on the web site of the U.S. Patent and Trademark Office for the registered trademark for Kookbox Surfboards  filed on April 10, 2008, with the U.S. Patent and Trademark Office; and

B.   A true and correct copy of the search results on the web site of the New York Secretary of State, Division of Corporations Entity information for KOOKBOX SURFBOARDS, INC.

Respectfully submitted,

MILBERG & DE PHILLIPS, P.C.

Dated: April 8, 2014          By:___ /s/ Russell M. De Phillips_____
                                   Russell M. De Phillips (admitted pro hac vice)
                                   MILBERG & DE PHILLIPS, P.C.
                                   2163 Newcastle Avenue, Suite 200
                                   Cardiff by the Sea, CA 92007
                                   Email: rdephillips@surflaw.net
                                   Telephone: (760) 943-7103

- 2 -

24

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2014, the foregoing document, Request for Judicial Notice in Support of Defendant Joel Tudor's Motion to Dismiss Complaint, was served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants by overnight mail and by electronic mail as follows:

| | |
|---|---|
| Daniel Gershburg, Esq.<br>55 Broad Street, Suite 18B<br>New York, NY 10004<br>Email: <u>Daniel@DanielGershburg.com</u> | Attorney for Plaintiff<br>ANDREW BLAUSCHILD, derivatively on<br>behalf of KOOKBOX SURFBOARDS, INC. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 8, 2014
                             <u>/s/ Russell M. De Phillips</u>
                                Russell M. De Phillips, Esq.
                                MILBERG & DE PHILLIPS, P.C.
                                2163 Newcastle Avenue, Suite 200
                                Cardiff by the Sea, CA 92007

**ATTACHMENT 4**

# GERSHBURG●

*Attorneys at Law* > GETTING IT DONE

Daniel Gershburg, Esq.
Danielle Spallino, Esq.
*Admitted in NY and NJ*

April 30, 2014

**VIA FEDEX & EMAIL to Russel M. De Phillips**
Russell M. De Phillips
Milberg & De Phillips
2163 Newcastle Avenue
Suite 200
Cardiff by the Sea, California 92007-1824

      Re:    **Blauschild ex rel. Kookbox Surfboards, Inc. v. Tudor,**
             **Civil Case No. 13-cv-06389-LDW**

Dear Mr. De Phillips,

     Enclosed please find the Memorandum of Law in Opposition to Joel Tudor's Motion to Dismiss Complaint.

     Thank you for your attention in this matter.

                             Respectfully submitted,

                             _____/s/_____
                             Daniel Gershburg, Esq.
                             GERSHBURG LAW, P.C.
                             55 Broad Street, Suite 18B
                             New York, NY 10004

Cc:     Terrence Buckley, Esq.
        356 Vets Memorial Hwy, Suite 3
        Commack NY 11725
        terrencepbuckley@aol.com
        *Via us mail*

        Honorable Leonard D. Wexler
        United States District Court
        Eastern District of New York
        Long Island Federal Courthouse

Gershburg Law, P.C.    55 Broad Street, Suite 18b    tel 212-390-8590  fax 718-228-8745
New York, NY 10004    www.danielgershburg.com

27

944 Federal Plaza
Central Islip, NY 11722
*Cover letter only, via US MAIL*

Magistrate Judge Gary R. Brown
100 Federal Plaza
P.O. Box 9014
Courtroom 840
Central Islip, NY 11722-9014
*Cover letter only, via US MAIL*

Gershburg Law, P.C.     55 Broad Street, Suite 18b     tel 212-390-8090; fax 718-228-8748
New York, NY 10004     www.danielgershburg.com
info@danielgershburg.com

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW BLAUSCHILD, derivatively on
behalf of KOOKBOX SURFBOARDS, INC.                    Index No. 13-CIV-6389

                                          Plaintiffs,

           -against-

JOEL TUDOR,

                              Defendant(s).
------------------------------------------------------------------X

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
JOEL TUDOR'S MOTION TO DISMISS COMPLAINT

## TABLE OF CONTENTS

Page

INTRODUCTION ...............................................................................

FACTUAL BACKGROUND ..................................................................

ARGUMENT ...................................................................................

   I.    THE ACTION IS PROPERLY VENUED IN THE EASTERN DISTRICT OF NEW YORK SINCE A SUBSTNTIAL PART OF EVENTS GIVING RISE TO THE ACTION OCCURRED IN THE DISTRICT

   II.   THE COMPLAINT DOES NOT FAIL TO STATE A CLAIM AND SHOULD NOT BE DISMISSED PURSUANT TO FRCP 12 (b)(6)(12)

CONCLUSION......................................................................................

## Introduction

Plaintiff, ANDREW BLAUSCHILD derivatively on behalf of KOOKBOX

SURFBOARDS, (hereafter "Plaintiff" and/or "Blauschild") respectfully submits this

memorandum of law in opposition of the Defendant JOEL TUDOR's (hereafter "Defendant"

and/or Tudor) motion to dismiss the Plaintiff's complaint pursuant to 28 U.S.C. 1391 and FRCP

Rule 12(b)(6).

## Factual Background

The underlying action was commenced by the filing of the Summons and Complaint and

the service of same on the Defendant on December 4th, 2013.  Plaintiffs' Counsel had various

and lengthy conversations with Defendant's purported prior counsel for more than one month

prior to Defendants present counsel filing a Motion for Leave to Appear Pro Hac Vice on

February 7, 2014.  Prior to the Defendant's counsel filing their Motion to Appear Pro Hac Vice,

counsel made various representations including filing a response to the instant Complaint, which

had been unopposed for more than two months at the time they entered the action, and finding

local counsel and responding to Plaintiff's complaint by January 13, 2014.  To date, Defendants

counsel has not filed an Answer to the instant action, and Defendant's Counsel has had 2

separate local counsels appear. The Defendant has acknowledged service of process and waived

any objection thereto and now brings this motion to dismiss.

In short, venue in the Eastern District of New York is proper and the Plaintiff does have

standing to bring this derivative action and therefore the Court should deny the Defendants

motion.

As is set forth below since a substantial part of the events that gave rise to this action

occurred in the Eastern District of New York, the Plaintiff has satisfied the venue requirements

of 28 U.S.C. 1391 and should not be dismissed pursuant to FRCP 12(b)(3). Furthermore, because the Complaint's statement that Blauschild and Tudor were each fifty-percent shareholders in Kookbox and because any demand by Blauschild upon Tudor would have been futile, as a matter of New York law the Defendants lack of standing argument must also fail.

## **Argument**

I.     THE ACTION IS PROPERLY VENUED IN THE EASTERN DISTRICT OF NEW YORK SINCE A SUBSTNTIAL PART OF EVENTS GIVING RISE TO THE ACTION OCCURRED IN THE DISTRICT

A plaintiff is not required to plead proper venue in its commencement papers. Ripperger v. A.C. ALlyn & Co., 113 F.2d.332,334 (2d Cir. 104), *cert. denied* 311 U.S. 695 (1940). However, if venue is challenged, the burden to establish its propriety falls to the plaintiff. French Transit Ltd., v. Modern Coupon Sys., Inc., 858 F.Supp 22, 25 (S.D.N.Y 1994).

Section 1391(b) of the United States Code provides in relevant part :

> A civil action may be brought in
> (2) a judicial district in which a substantial part of the events
> or omissions giving rise to the claim occurred.....

When more than one venue is available the Plaintiff may choose among them and the plaintiff's chose, does not need to be the most convenient. Sussman v. Bank of Israel, 56 F.3d 450, 457 (2d Cir. 1995) *cert. denied* 516 U.S. 916 (1995)

In the case at bar the Plaintiff is not required to show that all the events giving rise to the transaction occurred in the District or that a majority of the events occurred in the District. Rather the Plaintiff's burden is to demonstrate that a "substantial" part of the events occurred in the Eastern District. Cheesman v. Carey, 485 F. Supp 203, 211 (S.D.N.Y 1980).

Whether events giving rise to an action are "substantial" is a question of quality rather than quantity. Simply the questions is whether a nexus between acts occurring in the District and

the underlying cause of action are sufficient to warrant the Plaintiff's choice of venue. Daniel v. American Bd. Of Emergency Med., 428 F.3d 408-431-435 (2d Cir. 2005).

While some of the events in the present a case did occur in California, their impact occurred in the Eastern District. In essence even though Defendant Tudor commenced certain substantial actions in California (i.e. theft of goods from the warehouse, fraudulently filing the trademark application in California) the acts continued and actually ended in the Eastern District, where knowledge of the actions became known and the effects of the actions were felt.

There is no dispute that the Plaintiff Corporation is based in the Eastern District of  New York State.  From its start, prior to September 2, 2008, when Plaintiff Blauschild arranged for the filing of the Certificate of Incorporation, Plaintiff Blauschild operated and managed Kookbox with Joel Tudor (who lived in California) from the Eastern District of New York. Since starting Kookbox has paid Corporate taxes to the State of New York, has only used its New York State address for corporate correspondence and reflects the New York State address on its Federal Tax filings; including annual form K-1 received by both Tudor and Blauschild allocating each partners 50% of loss and/or profit in Kookbox.  Furthermore, Blauschild transacts the day to day operations of Kookbox in New York State, where all communications with Defendant Tudor, including those that gave rise to this cause of action, as well as communications with vendors, suppliers and retailers have and do occur. Additionally, the Plaintiff's bank accounts - which both Tudor and Blauschild have signature authority over - were formed in New York and have always been, maintained in New York.

The Defendant's conclusion that since "(N)one of the acts took place in New York" (Defendant's Memorandum of Law at Page 5)  the venue is improper, mischaracterizes not only the presentation of the facts of the case but the nexus requirement which needs to establish a

connection to the alleged wrongdoing occurring in the District.  . Daniel v. American Bd. Of Emergency Med., 428 F.3d 408-431-435 (2d Cir. 2005).

The Defendant's argument is that since; (a)  the "trademark application was filed even before Kookbox was formed, and was accomplished California" (Defendants Memo. of Law pg. 5-6) and  (b) the inventory was stolen from a  warehouse in California (Defendants Memo. of Law pg.6); and (c) the Defendant's defamatory  statements were made by implication in California (Defendants Memo. of Law pg. 6), the Eastern District is an improper venue.

**The Theft of the Trademark:**

In the first instance there is no relevance to the Defendants statement concerning the timing of the Corporate filing. While the trademark process commenced before Plaintiff Blauschild filed for the Certifcate of Incorporation, as the Plaintiff establishes in his Motion to Disqualify Milberg & De Phillips, served concurrent with this motion the Trademark was paid for by Kookbox, the inventory utilized to establish the trademark office "use requirement" belonged to Kookbox, Defendant Tudor was a 50% owner of Kookbox and the decision to start the company was already made when the trademark filing occurred. Therefore, that the official filing date occurred after the trademark filing date, does not bare any relevance to this analysis or to the question of the marks true ownership.

The wrongful filing and theft of the Plaintiff's trademark, for which the Defendant utilized Milberg & De Phillips, LLP was commenced in California. However, as alleged it was the theft of a New York State Corporation's asset, the impact of which was felt in New York. Furthermore, while the mechanics of the filing may have occurred in California, the undisputed facts that; Defendant Tudor paid for that service with a check drawn on Corporate accounts opened and maintained in the Eastern District, that the Plaintiff spoke with the Defendant

concerning the mark to learn status of the filing from the Corporation's place of business in New York, that Defendant Tudor and Milberg & De Phillips spoke with Plaintiff Blauschild during which time Blauschild arranged for the marks placement on merchandise and for the corrective action of assigning the mark to the Corporation, occurred in New York, link the actions comprising the cause of action with the Eastern District.

It should be noted that should the court grant the Defendant's motion and dismiss the Plaintiff's cause of action because of improper venue, the Court is creating precedent to award Defendants clever enough to hide their theft by geography. To award such an assertion, given the theft was from a Corporation operating from and maintaining its offices in the Eastern District, that the impact of the actions was felt in the District by a corporation owned in part by the Defendant is unconscionable.

**The Alleged Statements:**

Similarly unpersuasive is the Defendant's assertion that venue is improper since the defaming statements were made, "by implication," in California. Where the statements were made is of little consequence as they were made public using social media transmitting the wrong throughout the world and throughout the United States. Where it was felt though, was in the Eastern District of New York, where the corporation is headquartered. A downturn in sales and in prestige of the brand, occurred wherever the mark was present, but could be said to have occurred in the Eastern District where the effect occurred.

**Theft of Inventory:**

Some of the inventory is located in California which is where the theft of inventory occurred. However, the impact of the theft, the entity stolen from, all of it is venued in the Eastern District.

Accordingly it cannot be said that the Defendant's wrongful acts only occurred in California. While actions were commenced in California, the impact was only felt in the Eastern District of New York where the Corporation was located. .  Furthermore, communications comprising part and parcel of the actions underlying this cause of action occurred  and it only affected the Corporation which is located in the Eastern District of New York, and much of it involved communications originating from or communicated with the Corporation, which is located in the Eastern District of New York.

II.     THE COMPLAINT DOES NOT FAIL TO STATE A CLAIM AND
        <u>SHOULD NOT BE DISMISSED PURSUANT TO FRCP 12 (b)(6)(12)</u>

Contrary to the Defendant's assertion a shareholder derivative action provides the proper litigation form for resolving the instant dispute.

This Court recently provided—during litigation of an unrelated shareholder derivative action—the following overview of controlling precedent regarding Rule 12(b)(6) motions to dismiss:

> "To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, <u>see Iqbal</u>, 129 S. Ct. at 1949; <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." <u>Troni</u>, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting <u>In re NYSE Specialists Sec. Litig.</u>, 503 F.3d 89, 95 (2d Cir. 2007)).

<u>Barry v. Curtin</u>, No. CV 13-1420, 2014 U.S. Dist. LEXIS 12232, at *7–8 (E.D.N.Y. Jan. 31, 2014) (Wexler, J.).

The Complaint states that Blauschild and Tudor each own fifty percent (50%) of the shares of Kookbox. (Compl. ¶¶ 8, 12, ECF No. 1.) Were this Court to grant Defendant leave to

file a motion to dismiss pursuant to Rule 12(b)(6), the truth of the Complaint's allegation of equal ownership of Kookbox would, under Iqbal, be presumed.

The Feb. 14 Letter filed on behalf of Defendant suggests that because the Complaint asserted neither that a demand had been made on the Kookbox board as to the relief sought in this suit, nor that such a demand would have been futile, Blauschild lacks standing to file a derivative action under New York law. (Feb. 14 Ltr. 2–3, ECF No. 7.) In support of this argument, the Feb. 14 Letter cites to a single authority of New York law concerning shareholder derivative actions. (Feb. 14 Ltr. 2–3, ECF No. 7 (citing Marx v. Akers, 88 N.Y.2d 189 (1996)).

The dispute in Marx involved one of the country's largest publicly traded computer companies. See Marx, 88 N.Y.2d at 192 (identifying the plaintiff in that shareholder derivative action as a shareholder of International Business Machines Corporation). In relying solely on Marx, Defendant ignores a long line of controlling case precedent validating the propriety of utilizing the shareholder derivative to resolve disputes between two shareholders in a private corporation who hold roughly the same amount of shares. See, e.g., Barry, 2014 U.S. Dist. LEXIS 12232, at *3–11; Tuscano v. Tuscano, 403 F. Supp. 2d 214, 222–23 (E.D.N.Y. 2005) (listing multiple New York cases in support of the conclusion that "[u]nder New York law, a shareholder derivative action is an appropriate method for one fifty-percent shareholder to obtain relief in the name of the corporation against the other fifty-percent shareholder.").

As this Court noted in Barry, New York state and federal courts have repeatedly presumed the futility of one fifty-percent shareholder's making a demand upon his fellow equal owner, as it would be highly unlikely for the latter to consent to the filing of a suit against himself. Barry, 2014 U.S. Dist. LEXIS 12232, at *11 n.2.

Because the Complaint's statement that Blauschild and Tudor were each fifty-percent shareholders in Kookbox is required to be accepted as true for the purposes of analyzing a Rule 12(b)(6) motion to dismiss, and because any demand by Blauschild upon Tudor would have been futile as a matter of New York law, any lack-of-standing argument identical or similar to the one forth in the Feb. 14 Letter must fail.

## CONLUSION

For the foregoing reasons, it is respectfully requested that the Court deny Defendant Tudor's Rule 12(b)(6) and 12 (b)(3) motions and allow the action to continue unfettered.


Dated: New York, New York
     April 30, 2013

                                     /s/_____
                                 **By: DANIEL GERSHBURG**

                                 Gershburg Law, P.C.
                                 *Attorneys for Plaintiff*
                                 55 Broad Street, 18th Floor
                                 New York, New York 10004
                                 (212) 390-8866

**ATTACHMENT 5**

# MILBERG & DE PHILLIPS

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

2163 NEWCASTLE AVENUE

SUITE 200

CARDIFF BY THE SEA, CALIFORNIA

92007-1824

FREDERIC J. MILBERG
RUSSELL M. DE PHILLIPS
ROY L. CARLSON, JR.
TIM G. McNULTY *

* ALSO ADMITTED IN ARIZONA

(760) 943-7103
(619) 232-7103
FAX (760) 943-6750
www.m-dlaw.com

May 12, 2014

**Via U.S. Overnight Mail & electronic mail to daniel@danielgershburg.com**
Daniel Gershburg, Esq.
55 Broad Street, Suite 18B
New York, NY 10004

      Re:    Blauschild v. Tudor
              Civil Action No.CV13-6389
              United States District Court Eastern District of New York

Dear Mr. Gershburg:

      Enclosed please find the following documents:

1.     Memorandum of Law in Support of Defendant Joel Tudor's Reply to Plaintiff's
        Opposition to Defendant's Motion to Dismiss Complaint.

      Thank you.

                    Very truly yours,

                    MILBERG & DE PHILLIPS, P.C.

                    By: _____
                      Russell M. De Phillips

RMD/mc
Enclosures

cc: Client
     Terrence P. Buckley, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ANDREW BLAUSCHILD, derivatively on behalf of KOOKBOX SURFBOARDS, INC.

                    Plaintiffs,

- against -

JOEL TUDOR,

                    Defendant.

-------------------------------------------------------x

CIVIL CASE NO. 2:13-CV-06389-LDW-GRB

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOEL TUDOR'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Terrence P. Buckley, Esq.  (terrencepbuckley@aol.com)
356 Veterans Memorial Highway, Suite 3
Commack, NY 11725
Telephone:  (631) 543-3030
Facsimile:  (631) 543-2888

Attorneys for Defendant
JOEL TUDOR

Russell M. De Phillips; (rdephillips@surflaw.net)
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff by the Sea, CA 92007-1824
Telephone: (760) 943-7103
Facsimile:(760) 943-6750

Attorneys Pro Hac Vice for Defendant
JOEL TUDOR

Defendant JOEL TUDOR ("Tudor") respectfully submits this memorandum of law in support of his reply to the opposition of Plaintiff ANDREW BLAUSCHILD ("Blauschild") to Tudor's motion to dismiss the complaint for improper venue and for failure to state a claim upon which relief may be granted..

## INTRODUCTION

Despite clear venue in California, Blauschild argues that venue is appropriate in this district if events giving rise to the claim occurred in another district but they might have an impact in this district.  (Opposition at 3:3-7 "While some of the events in the present a [sic] case did occur in California, their impact occurred in the Eastern District.  In essence even though Defendant Tudor commenced certain substantial actions in California ... the acts continued and actually ended in the Eastern District, where knowledge of the actions became known and the effects of the actions were felt.")

Yet clearly that is not what the venue statute says.  Moreover, in order to make such an argument Blauschild relies on facts that are not present in the Complaint.  (Opposition at 3:8-20.)  The Complaint asserts that the relevant events giving rise to the allegations of Tudor's purported misconduct took place in California, where Tudor resides and where the warehouse is.  Venue is improper and the case should be dismissed.

Tudor does not deny that a shareholder derivative action is an appropriate method for a fifty percent shareholder to obtain relief in the name of a corporation against another fifty percent shareholder.  Rather, Tudor seeks dismissal because the Complaint does not satisfy New York law with respect to the allegations necessary to maintain such an action.  Blauschild's opposition doesn't even address the requirements under New York law.  Thus, the motion should be granted

- 2 -

because Blauschild failed to make a demand on the Kookbox Surfboards, Inc. ("Kookbox")

Board of Directors prior to filing the complaint and he has failed to allege facts showing such a

demand would have been futile under New York law.

**ARGUMENT**

**I.     THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF VENUE.**

28 U.S.C. § 1391(b) provides in pertinent part:

A civil action may be brought in–

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim <u>occurred</u>, or a substantial part of property that is the subject of the action is <u>situated</u>. (Emphasis added.)

The first ground for venue in federal actions is the district in which any defendant resides

if all defendants are residents of the state in which the district is located.  Tudor lives in

California within the Southern District.  He is the only defendant.  Thus, venue is appropriate in

California and improper in New York under this provision.  Dismissal or transfer is mandatory

for improper venue.  28 U.S.C. § 1406(a).

The Complaint incorrectly asserts that venue is proper pursuant to 28 U.S.C. § 1391(b)

because Kookbox resides in the judicial district and "a substantial part of the events giving rise to

Plaintiffs' claims occurred in this judicial district."  (Complaint at ¶ 24.)

It does not matter where Plaintiff resides under these rules.  Venue under section

1391(b)(1) is only available "where any defendant resides, if all defendants reside in the same

State", not where the plaintiff resides.  Tudor resides in California. (Complaint at ¶ 11.)  Venue

- 3 -

under section 1391(b)(1) is appropriate in California and not in this District.

Under the plain language of section 1391(b)(2) a substantial part of the events giving rise to the claims for fraudulent procurement of a mark (¶ 83) (Count I); common law trademark infringement based on fraudulent registration (¶ 89) (Count II); promissory estoppel based on procurement of the Mark (¶ 93) (Count III); unjust enrichment based on the alleged theft of inventory from the San Diego warehouse (¶ 99) (Count IV); conversion of inventory from the San Diego warehouse (¶ 104) (Count V); slander based on statements made in San Diego (¶ 108) (Count VI); breach of fiduciary duty based on procuring the Mark, the alleged false statements and taking the inventory (¶ 115) (Count VII); and declaratory judgment regarding the Mark (¶ 124) (Count VIII) occurred in California.

Setting aside the problems with Blauschild's purported "evidence" in his opposition, none of the alleged events that give rise to Blauschild's claims occurred in the Eastern District of New York.[1] Indeed, the only link Blauschild provides to the Eastern District is his presence there. The facts before the Court do not demonstrate that any events, let alone a substantial part of the events, giving rise to Blauschild's claims occurred in the Eastern District.  Because the Eastern District of New York is not a proper venue for Blauschild's claims, the Complaint is subject to dismissal.

Blauschild misuses <u>Sussman by & Through Guilden v. Bank of Isr.</u>, 56 F.3d 450, 457 (2d

---

[1]  Blauschild's opposition is replete with alleged statements of fact that are not contained in the Complaint and are not supported by any evidence submitted in connection with the opposition.  For example, the Complaint does not allege that Tudor paid for trademark application with a check drawn on corporate accounts.  There wasn't even a corporation at the time the trademark application was filed and the filing fee paid.  Tudor requests that any alleged facts in the opposition that are not part of the Complaint be stricken and disregarded.

- 4 -

Cir. N.Y. 1995).  (Opposition at 2.)  The case simply states, in connection with a motion for

sanctions, "[a]ttorneys are not under an affirmative obligation to file an action in the most

convenient forum; their only obligation is to file in a proper forum" citing Newton v. Thomason,

22 F.3d 1455, 1463-64 (9th Cir. 1994) (reversing order imposing sanctions "for an 'unnecessary

and frivolous' choice of venue," where district court found venue tenuous but not improper).

   Blauschild relies on Cheeseman v. Carey, 485 F. Supp. 203, 211 (S.D.N.Y. 1980) for the

proposition that plaintiffs must demonstrate that a substantial part of the events occurred in the

district in which the action is filed.  (Opposition at 2.)  Blauschild has failed to meet that burden.

That case also makes clear that section 1391(b) "fails to authorize venue on the basis of plaintiffs'

residence" something that Blauschild alleged in his Complaint. Id., at 207.

   Paragraph 19 of the Complaint alleges that "Defendant committed tortious acts without

New York that caused injury within New York."  (See Complaint at ¶ 19.)  That is a concession

that the events did not occur in this District.

   Blauschild also relies on Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 431-433

(2d Cir. N.Y. 2005).  In Daniel, the court held:

>     Although our court has had few occasions to interpret § 1391(b)(2) since
> that statute was amended in 1990, certain principles are clear.  Section 1391(b)(2)
> does not restrict venue to the district in which the "most substantial" events or
> omissions giving rise to a claim occurred. [cites omitted]  Rather, as we recently
> explained, § 1391(b)(2) "contemplates that venue can be appropriate in more than
> one district" and "permits venue in multiple judicial districts as long as a
> 'substantial part' of the underlying events took place in those districts." [cite
> omitted]  Nevertheless, the "substantial events or omissions" requirement does
> limit the forums available to plaintiffs. [cite omitted]  This is so because, as the
> Supreme Court explained before the amendment of section 1391, "in most
> instances, the purpose of statutorily defined venue is to protect the defendant
> against the risk that a plaintiff will select an unfair or inconvenient place of trial."
> [cites omitted]; Cottman Transmission Sys. v. Martino, 36 F.3d 291, 294 (3d Cir.

1994) (explaining that "the current statutory language still <u>favors the defendant in
a venue dispute by requiring that the events or omissions supporting a claim be
'substantial'" and "is intended to preserve the element of fairness so that a
defendant is not haled into a remote district having no real relationship to the
dispute</u>"); [cite omitted]

Thus, when a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, a
two-part inquiry is appropriate. First, a court should <u>identify the nature of the
claims and the acts or omissions that the plaintiff alleges give rise to those claims</u>.
[cite omitted].  Second, the court should determine <u>whether a substantial part of
those acts or omissions occurred in the district where suit was filed</u>, that is,
whether "significant events or omissions material to [those] claims . . . have
occurred in the district in question." [cite omitted]  see also Jenkins Brick Co. v.
Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003) (asking (1) "<u>What acts or
omissions by [defendant] gave rise to [plaintiff's] claim?</u>" and (2) "<u>Of those acts,
did a 'substantial part' of them take place in [the chosen venue]?</u>"); [cite omitted].

"Substantiality" for venue purposes is more a qualitative than a
quantitative inquiry, determined by assessing the overall nature of the plaintiff's
claims and the nature of the specific events or omissions in the forum, and not by
simply adding up the number of contacts. [cites omitted]  When material acts or
omissions <u>within the forum</u> bear a close nexus to the claims, they are properly
deemed "significant" and, thus, substantial, but when a close nexus is lacking, so
too is the substantiality necessary to support venue. See Jenkins Brick Co. v.
Bremer, 321 F.3d at 1372 (explaining that substantiality requirement of §
1391(b)(2) requires consideration only of acts or omissions that "have a close
nexus to the wrong"). <u>Daniel</u>, 428 F.3d at 431-433.  (Emphasis added.)

Here, looking at the alleged acts which give rise to the claims, it is abundantly clear they

did not take place in this District.  Each of the acts complained of on the part of Tudor took place

outside of this District.

Venue is not proper in this District and the Complaint should be dismissed pursuant to

Rule 12(b)(3).

## II.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).

Blauschild does not address New York law at all in his opposition.  New York law is very

clear with respect to what is required to assert a shareholder derivative action.

- 6 -

New York Business Corporation Law § 626 provides in pertinent part:

> (c)  In any such action, the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort.  New York Business Corporation § 626.  (Emphasis added.)

New York Business Corporation Law § 626 (c) makes clear that in any shareholders' derivative action, "the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort."

The Complaint fails to allege any facts with respect to any demand made on the Board of Directors of Kookbox, or why such a demand on the Board would be futile.  The Complaint fails to state any facts that the company even has a board of directors or the number of directors if it does.  A company is owned by its shareholders but governed by its board of directors and the directors are the ones who take action on behalf of a corporation.  Given the very clear New York law, and Blauschild's inability to comply with the law, dismissal is warranted.

Blauschild relies on Barry v. Curtin, 2014 U.S. Dist. LEXIS 12232, 11, 2014 WL 340977 (E.D.N.Y. Jan. 31, 2014).  In that case, this Court stated in dicta:

> The Court notes that although a demand upon the board is typically required in a shareholder derivative case, see Fed. R. Civ. P. 23.1, such a demand would be futile here. The allegations in the within action are that Curtin "orchestrated and committed the challenged conduct." Tuscano, 403 F. Supp. 2d at 223. "With reasonable certainty, it is fair to assume that [Curtin] [will] not . . . agree to initiate a lawsuit accusing himself of wide-ranging wrongdoing, including RICO violations." Id. at 223-24; see also L.W. Kent & Co., Inc. v. Wolf, 143 A.D.2d 813, 533 N.Y.S.2d 119, 121 [13] (holding that where "approval of the board of directors was not formally requested," a demand would have been futile, "[for] it could hardly be expected that if approval of the board of directors were sought, [defendant], who controlled 50% of the board, would have authorized the action against himself"). Accordingly, Barry's failure to make a demand upon the boards of the Corporate Plaintiffs will not preclude a derivative action herein. Id., at 11 note 2.

- 7 -

Here, we can only guess about the board of directors because the Complaint is silent. There are no allegations in the Complaint about the number of directors. The Complaint fails to allege if Tudor is a director.

Paragraphs 12, 13 and 14 speak generally of the futility of a demand and some unspecified demand on Tudor. Rule 23.1 of the Federal Rules of Civil Procedure states in pertinent part that a derivative complaint must "3) state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." (Emphasis added.)

No such particularity is present here and the Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons set forth in his moving papers, Defendant Tudor respectfully requests that the Court grant his motion to dismiss.

Respectfully submitted,

MILBERG & DE PHILLIPS, P.C.

Dated: May 12, 2014      By:  /s/ Russell M. De Phillips
                 Russell M. De Phillips (admitted pro hac vice)
                 MILBERG & DE PHILLIPS, P.C.
                 2163 Newcastle Avenue, Suite 200
                 Cardiff by the Sea, CA 92007
                 Email: rdephillips@surflaw.net
                 Telephone: (760) 943-7103

- 8 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2014, the foregoing document, MEMORANDUM OF LAW

IN SUPPORT OF DEFENDANT JOEL TUDOR'S REPLY TO PLAINTIFF'S OPPOSITION TO

DEFENDANT'S MOTION TO DISMISS COMPLAINT, was served in accordance with the Federal

Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's

Rules on Electronic Service upon the following parties and participants by overnight mail and by

electronic mail as follows:

Daniel Gershburg, Esq.             Attorney for Plaintiff
55 Broad Street, Suite 18B          ANDREW BLAUSCHILD, derivatively on
New York, NY 10004                  behalf of KOOKBOX SURFBOARDS, INC.
Email: Daniel@DanielGershburg.com

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated: May 12, 2014                      /s/ Russell M. De Phillips
                                         Russell M. De Phillips, Esq.
                                         MILBERG & DE PHILLIPS, P.C.
                                         2163 Newcastle Avenue, Suite 200
                                         Cardiff by the Sea, CA 92007

- 9 -