UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDREW BLAUSCHILD, derivatively on
behalf of KOOKBOX SURFBOARDS, INC.,

MEMORANDUM AND ORDER

                               Plaintiff,

CV 13-6389

            -against-

(Wexler, J.)

JOEL TUDOR,

                               Defendant.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ JUL 21 2014 ★
LONG ISLAND OFFICE

APPEARANCES:

    GERSHBURG LAW, P.C.
    BY:   DANIEL GERSHBURG, ESQ.
    Attorneys for Plaintiff
    55 Broad Street, 18th Floor
    New York, New York 10004

    TERENCE P. BUCKLEY, ESQ.
    BY:   TERENCE P. BUCKLEY, ESQ.
    Attorney for Defendant
    356 Veterans Memorial Highway, Suite 3
    Commack, New York 11725

    MILBERG & DE PHILLIPS, P.C.
    BY:   RUSSELL M. DE PHILLIPS, ESQ.
    Attorneys for Defendant
    2163 Newcastle Avenue, Suite 200
    Cardiff by the Sea, California 92007

WEXLER, District Judge:

    Before the Court are the following motions: (1) Defendant's motion to dismiss the Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), and

-1-

(2) Plaintiff's motion to disqualify Defendant's counsel, Milberg & De Phillips, P.C. For the following reasons, Defendant's motion to dismiss is granted in part and denied in part. Plaintiff's motion to disqualify Defendant's counsel is denied without prejudice.

BACKGROUND

In or around 2008, the Plaintiff, Andrew Blauschild ("Blauschild"), and the Defendant, Joel Tudor ("Tudor"), decided to form Kookbox Surfboards, Inc. ("Kookbox"), a New York corporation that designs, manufactures and sells unique surfboards, surfing apparel and wetsuits. (Compl. ¶ 25.) While Blauschild was in charge of operating the corporation, Tudor - a world-renowned surfer - was responsible for promoting and advertising Kookbox and its products. (Compl. ¶ 2.) Blauschild and Tudor each own fifty percent (50%) of Kookbox. (Compl. ¶¶ 8, 11.)

In 2008, Tudor represented to Blauschild that he would register the Kookbox Surfboards Inc. trademark (the "Mark") with the United States Patent and Trademark Office ("USPTO") on behalf of Kookbox. (Compl. ¶ 48.) In or about April 2008, Tudor, through his counsel, filed an application with the USPTO to register the Mark. (Compl. ¶ 49.) On November 2, 2010, the Mark was registered with the USPTO. (Compl. ¶ 49.) However, rather than naming Kookbox as the owner of the Mark in the trademark application, Tudor named himself as the owner. (Comp. ¶ 50.) Tudor similarly registered the Mark in his own name in Japan as well. (Compl. ¶ 50.)

In 2013, disagreements between Blauschild and Tudor began over the direction the corporation should take. (Compl. ¶ 53.) In the spring of 2013, Tudor approached a Kookbox manager (the "Manager") in San Diego, California and demanded corporate money for a separate

business endeavor. (Compl. ¶ 54.) The Manager told Tudor to speak with Blauschild, but Tudor refused. (Compl. ¶ 54.)

On May 19, 2013, Blauschild received a frantic telephone call from the Manager, advising that Tudor had again come to the San Diego warehouse and was yelling at and physically threatening the Manager over money. (Compl. ¶ 55.) Tudor then telephoned Blauschild, yelling, using profanity and threatening Blauschild. (Compl. ¶ 56.) During that conversation, both Tudor and Blauschild purported to terminate each other from Kookbox and the two have not spoken since. (Compl. ¶¶ 56-57.)

Following this incident, Tudor continued to threaten the Manager. (Compl. ¶ 58.) Tudor also contacted all of Kookbox's vendors, falsely stating that he was now in control of the corporation and that he had fired all of the other employees, including Blauschild. (Compl. ¶ 58.)

On May 23, 2013, after obtaining a key to the San Diego warehouse from a former Kookbox employee, Tudor again visited the warehouse. (Compl. ¶ 60.) After verbally and physically threatening the Manager, Tudor proceeded to remove numerous surfboards and other Kookbox merchandise from the warehouse. (Compl. ¶ 60.)

The following morning, the Manager returned to the warehouse and found it completely empty and vandalized. (Compl. ¶ 61.) Plaintiff alleges that Tudor, or someone acting on his behalf, removed all of the surfboards and merchandise from the warehouse. (Compl. ¶ 61.)

Thereafter, Tudor continued to make false statements about Kookbox to vendors, damaging its reputation and causing it to suffer significant losses in revenue. (Compl. ¶¶ 65-73.)

Blauschild commenced this derivative action on behalf of Kookbox on November 19,

2013, asserting claims for trademark infringement and fraudulent procurement of a trademark, pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq. Plaintiff also asserts state law claims for common law trademark infringement, promissory estoppel, unjust enrichment, conversion, slander and breach of fiduciary duty under New York law. Plaintiff seeks declaratory and injunctive relief, as well as damages.

Tudor moves to dismiss Blauschild's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, as well as pursuant to Rule 12(b)(6) for failure to state a claim. Blauschild cross-moves to disqualify Tudor's counsel, Milberg & De Phillips, P.C., pursuant to Rules 3.7(a) and 1.9 of the Rules of Professional Conduct.

## DISCUSSION

I.  Legal Standard

On a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court applies the same standard of review as a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). While "the plaintiff bears the burden of establishing that venue is proper," Cold Spring Harbor Lab. v. Ropes & Gray LLP, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011) (quoting French Transit v. Modern Coupon Sys., 858 F. Supp. 22, 25 (S.D.N.Y. 1994)), "[i]f the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]." Gulf Ins. Co., 428 F.3d at 355 (quoting CutCo Indus. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986)) (alteration in original).

The decision whether to dismiss an action for improper venue is committed to the Court's

sound discretion. See Cold Spring Harbor Lab., 762 F. Supp. 2d at 551 (citing Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993)). In determining whether venue is proper, the court "must view all facts in the light most favorable to the plaintiff." Cold Spring Harbor Lab., 762 F. Supp. 2d at 551 (citing Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007)). Accordingly, "the Court must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." Matera v. Native Eyewear, Inc., 355 F. Supp. 2d 680, 681 (E.D.N.Y. 2005)).

II. <u>Venue</u>

28 U.S.C. § 1391 provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff asserts that venue is proper here under subsection two. (Compl. ¶ 24.)

The Second Circuit has instructed that venue may be proper "in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts." Gulf Ins. Co., 417 F.3d at 356 (quoting Bates v. C&S Adjusters, 980 F.2d 865, 867 (2d Cir. 1992)). However, the Circuit has "caution[ed] district courts to take seriously the adjective 'substantial.'" Gulf Ins. Co., 417 F.3d at 357. Because the venue statute must be construed strictly, id. at 357

(citing Olberding v. Illinois Cent. R.R., 346 U.S. 338, 340 (1953)), "for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Gulf Ins. Co., 417 F.3d at 357.

Accordingly, when a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, the court should engage in a two-part inquiry: (1) "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims," and (2) "determine whether a substantial part of those acts or omissions occurred in the district where [the] suit was filed." Daniel v. Am. Bd. of Emer. Med., 428 F.3d 408, 432 (2d Cir. 2005) (citing Gulf Ins. Co., 417 F.3d at 357). 'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." Cold Spring Harbor Lab., 762 F. Supp. 2d at 553 (quoting Daniel, 428 F.3d at 432-33).

Here, with respect to the first prong of the foregoing inquiry - namely, the nature of the claims - the causes of action set forth in Plaintiff's Complaint center around Tudor's alleged fraudulent procurement of the Kookbox trademark and theft of corporate merchandise, all of which occurred in California. Specifically, as found on the USPTO's website, the Kookbox trademark is registered in Tudor's name, using his attorney's address in California.[1] It is undisputed that Tudor's attorneys herein are also the same attorneys who handled the trademark

---

[1] When evaluating a motion to dismiss, the Court "may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 435 F.3d 119, 122 (2d Cir. 2005) (citation omitted). Courts may also consider "matters of which judicial notice may be taken." Kalyanaram v. Am. Ass'n of Univ. Professors, 742 F.3d 42, 44 n.1 (2d Cir. 2014).

filing for him, and that they are located in California.[2] It is further undisputed that the filing of the trademark registration took place from their offices in California. Moreover, as the Complaint itself alleges, all of the events that took place surrounding Tudor's alleged theft of corporate merchandise occurred in San Diego, California, where the corporate warehouse was located. (Compl. ¶¶ 53-61.)

While Blauschild acknowledges in his Complaint that "certain of Defendant's tortious conduct described in this Complaint may originate outside of New York," (compl. ¶ 19), he maintains that because the conduct caused damages and injury to Kookbox within New York, venue is proper here. (Id.) According to Blauschild, because the "impact" of Tudor's actions was felt in New York, the action is properly venued here. (Pl. Mem. of Law in Opp'n to Def. Mot. to Dismiss 34-35.)

While some cases have found that "the fact that the Plaintiff suffers harm in a particular judicial district is sufficient to satisfy § 1391(b)(2)," Fedele v. Harris, No. 13-cv-6368, 2014 U.S. Dist. LEXIS 64515, at *18 (E.D.N.Y. May 9, 2014) (citation omitted), "[o]ther cases have held that the situs of the alleged harm to the plaintiff is [only] a factor in deciding whether a substantial part of the events or omissions giving rise to a claim occurred in the particular district." Id. at *19-20 (citing cases). As other cases in this circuit have held, "when a court examines the question of whether venue in a forum is proper, it must focus on where the defendant's acts or omissions occurred." Cold Spring Harbor Lab., 762 F. Supp. 2d at 556 (quoting Prospect Capital Corp. v. Bender, No. 09-CV-826, 2009 WL 4907121, at *3 (S.D.N.Y.

---

[2] This fact is the basis for Blauschild's motion to disqualify Tudor's counsel even though the individual attorney who represented Tudor in connection with the trademark filing is not the same attorney representing him in the within action.

Dec. 21, 2009)) (emphasis in original) (additional citations omitted); see also Fedele, 2014 U.S. Dist. LEXIS 64515, at *20 (holding that "venue determinations based solely on the location of the harm is contrary to Congress's intent in drafting section 1391(b) and the Second Circuit's directive that the venue analysis should focus on the relevant activities of the defendants"). Adhering to this rule comports with the purpose of the venue statute to "protect[] a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." Cold Spring Harbor Lab., 762 F. Supp. 2d at 557 (citing cases).

Moreover, Plaintiff's argument that the tortious conduct of Tudor outside New York caused injury within New York is more akin to a minimum contacts test for purposes of personal jurisdiction. While "[t]he concepts of personal jurisdiction and venue are closely related," they are "nonetheless distinct." United States ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir. 1969). As the Second Circuit has made clear, "[i]t would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." Gulf Ins. Co., 417 F.3d at 357 (citations omitted).

Based on the foregoing, the Court finds that venue is improper here since the significant events pertinent to Plaintiff's claims herein took place in California, not New York. Rather, it appears that Plaintiff's sole basis for filing suit in New York is his residency, which is not enough to support venue here. See New Son Yeng Produce, LLC v. A&S Produce, Inc., No. 07-CV-4292, at *11 (E.D.N.Y. Aug. 19, 2009) (finding venue improper where "New York ha[d] almost no connection to the case, other than the fact that the plaintiff [was] located here"); Cheeseman v. Carey, 485 F. Supp. 203, 207 (E.D.N.Y. 1980) ("Section 1391(b) fails to authorize

venue on the basis of plantiffs' residence.").

III. <u>Transfer</u>

While Defendant has asked the Court to dismiss this action and neither party has requested transfer pursuant to 28 U.S.C. § 1404, when venue is improper, a district court may "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether transfer is appropriate lies within the sound discretion of the district court. <u>See</u> <u>Minnette</u>, 997 F.2d at 1026.

Here, the Court finds that the interests of justice warrant transfer to an appropriate forum rather than an outright dismissal. As set forth above, the significant events and omissions underlying this action all took place within the Southern District of California. Moreover, Defendant is a resident of the Southern District of California. Accordingly, venue is proper in that district.

Dismissal of this action would require Plaintiff to file a new action in the Southern District of California, while "transfer will allow this action to proceed in that forum and lead to [an] adjudication on the merits." <u>Fedele</u>, 2014 U.S. Dist. LEXIS 64515, at *24 (citation omitted). Therefore, the Court finds that transferring the within action to the Southern District of California furthers the interests of justice and is therefore appropriate under 28 U.S.C. § 1406.

Based on the foregoing decision to transfer venue, the Court declines to address that portion of Tudor's motion that seeks a dismissal of the Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, the Court finds that Plaintiff's motion to disqualify Defendant's counsel is better

addressed by the transferee court. Accordingly, Plaintiff's motion to disqualify is denied, without prejudice to renewal in the Southern District of California.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), is granted, without prejudice, and the Clerk of the Court is directed to transfer this action to the Southern District of California. The Court declines to address that portion of Defendant's motion that seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's motion to disqualify Defendant's counsel is denied, without prejudice to renewal in the transferee district.

**SO ORDERED:**

Dated: Central Islip, New York
  July 21, 2014

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge